ROBERT J. BRYAN, United States District Judge
THIS MATTER comes before the Court on Defendant American Federation of State, County, and Municipal Employees, Council 28, AFL-CIO's Motion for Judgment on the Pleadings or Summary Judgment. Dkt. 41.
This case centers on the allegation that Plaintiffs, State of Washington employees who object to "forced" union membership, should not be required to pay compulsory agency[1] fees in violation of the First *1084 Amendment. See generally , Dkt. 1. It is alleged that the Union Defendants use agency fees to advance pro-union ideological or political purposes, to which Plaintiffs object. Id. at ¶ 20-22. Plaintiffs seek (1) declaratory judgment that imposing agency fees violates the First Amendment; (2) injunctive relief prohibiting collection of said fees; and (3) monetary relief[2] for agency fees wrongly collected; and (4) attorney's fees and expenses. The Complaint names as defendants Jay Inslee, State of Washington Governor, David Schumacher, Director of the Office of Financial Management (collectively, "the State Defendants"), and the defendant that filed the pending motion, American Federation of State, County, and Municipal Employees, Council 28, AFL-CIO ("the Union Defendant").
The Court previously dismissed claims against the State Defendants as moot. Dkt. 39. As explained at length, the June 27, 2018 decision in Janus v. Am. Fed'n of State, Cty. & Mun. Employees, Council 31 , --- U.S. ----, 138 S.Ct. 2448, 2459, 201 L.Ed.2d 924 (2018) overruled fifty-year precedent in Abood v. Detroit Bd. of Ed. , 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977) and its progeny. Id. at 2-4. Under Janus , and in the context of public sector employment, no form of payment to a union, including agency fees, can be deducted or attempted to be collected from an employee without the employee's affirmative consent. Id. at 2486. See also, id. at 2459 (Syllabus). Because the State voluntary ceased collecting agency fees, and the State could not reasonably be expected to equivocate or reverse course as to the agency fees, there was no case or controversy against the State. Id.
The instant motion, filed by the Union Defendant, argues for dismissal on grounds similar to the State Defendants. According to the Union Defendant, the requests for declaratory and injunctive relief should be dismissed on mootness grounds, and the request for monetary relief should be dismissed because the Union Defendant is shielded from § 1983 liability by its good faith belief in a presumptively valid state law, only later declared unconstitutional in Janus . Dkt. 41 at 9-17.
As an initial matter, the requests for declaratory and injunctive relief should be dismissed on mootness grounds, for the same reasons discussed previously. See Dkt. 39 at 2-4. In sum, there is no reasonable likelihood that agency fees will be used and collected from Plaintiffs, either by the State Defendants or the Union Defendant.
On the issue of whether Plaintiffs are entitled to monetary relief for agency fees retained by the Union Defendant, the core-and ultimately dispositive-issue is whether the good faith defense should excuse the Union Defendant's use of agency fees from public-sector employees absent their consent.
The Union Defendant argues that the defense of good faith applies and should excuse the Union Defendant from § 1983 liability. Dkt. 41 at 11-17. (The Union Defendant acknowledges, and Court agrees, that qualified immunity, which shields the State Defendants from damages, does not apply to the Union Defendant, a private actor.) The Union Defendant points to Wyatt v. Cole , 994 F.2d 1113 (5th Cir. 1993), a Fifth Circuit case, and other authority, including Clement v. City of Glendale , 518 F.3d 1090, 1097 (9th Cir. 2008), in the Ninth Circuit. Id. at 12. When applied here, the Union Defendant argues, the defense *1085 should protect the Union Defendant from monetary liability, because it collected agency fees according to the laws in effect at the time, including a presumptively valid state law and then-binding Supreme Court precedent, Abood , 431 U.S. at 211-12, 97 S.Ct. 1782.
Plaintiffs argue if the good faith defense applies, under Wyatt v. Cole , 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992), this Court should look to the most analogous common-law tort and recognize the defense only if that analogous common-law tort would have conferred similar immunities when § 1983 was enacted. Dkt. 48 at 7, 8. Because the most analogous common law tort is conversion, Plaintiffs reason, the good faith does not apply, but even if it does, the Union Defendant has made no showing of a subjective state of mind. Id.
There is ample authority for the good faith defense to apply to this case. The Supreme Court did not foreclose the defense, Wyatt , 504 U.S. at 168-69, 112 S.Ct. 1827, and the defense has been relied upon in several circuit courts, including the Ninth Circuit. Clement , 518 F.3d at 1096-97 ; Pinsky v. Duncan , 79 F.3d 306, 311-12 (2d Cir. 1996) ; Vector Research, Inc. v. Howard & Howard Attorneys, P.C. , 76 F.3d 692, 698-99 (6th Cir. 1996) ; Jordan v. Fox, Rothschild, O'Brien & Frankel , 20 F.3d 1250, 1275-78 (3d Cir. 1994). See also, Franklin v. Fox , No. C 97-2443 CRB, 2001 WL 114438, at *6 (N.D. Cal. Jan. 22, 2001). Although the precise contours of the defense have not been clearly defined by the Supreme Court, circuit courts, including the Ninth Circuit, have acknowledged its general contours of equity and fairness. Under the Fifth Circuit construction of the defense in Wyatt , "private defendants ... may be held liable for damages under § 1983 only if they failed to act in good faith in invoking the unconstitutional state procedures, that is, if they either knew or should have known that the statute upon which they relied was unconstitutional." Wyatt , 994 F.2d at 1118.
Applied here, the facts, either those alleged or those not subject to reasonable dispute, justify allowing the Court to apply the good faith defense. When engaging in bargaining representation and other pro-union activities funded by Plaintiffs' agency fees, the Union Defendant followed the then-applicable laws, because prior to Janus , collection and use of compelled agency fees was lawful. Dkt. 1 at ¶¶ 20, 21, 23; Janus , 138 S.Ct. at 2459. Terms for compelled agency fees were negotiated by a contract with the State of Washington under a Collective Bargaining Agreement. Id at ¶ 17. The constitutional defect-compelling collection of agency fees used for political or ideological activities and contrary to Plaintiffs' beliefs-could not have been identified by the Union Defendant, because although the Supreme Court hinted at overruling Abood , it did not explicitly do so until Janus . Dkt. 1 at ¶ 23; Janus , 138 S.Ct. at 2459. See Harris v. Quinn , --- U.S. ----, 134 S.Ct. 2618, 2632-34, 189 L.Ed.2d 620 (2014) and Knox v. Serv. Employees Int'l Union, Local 1000 , 567 U.S. 298, 314, 132 S.Ct. 2277, 183 L.Ed.2d 281 (2012). Immediately after Janus was issued, collection of compelled agency fees ceased, to fully comply with Janus . Dkt. 1 ¶ 23; Dkt. 27 at 1-3; Dkt. 27-1 at 2; Dkt. 27-2 at 2; Dkt. 28 at 1, 2, ¶¶ 4-6; Dkt. 28-2 at 2. In sum, the circumstances of this case justify shielding the Union Defendant from monetary liability for pre- Janus agency fees under the good faith defense, especially where to not do so would result in an inconsistent outcome-dismissal of the State Defendants, but monetary liability of a private party.
Plaintiffs argue that if the good faith defense applies, under Supreme Court precedent in Wyatt , the Court must analogize Plaintiffs' First Amendment claim to a *1086 state common law claim. Plaintiffs' construction of the good faith defense lacks precedent in the Ninth Circuit. The Ninth Circuit did not so interpret Wyatt in Clement . But compare to, e.g. , Second Circuit in Pinsky v. Duncan , 79 F.3d at 311-12 (analyzing analogous common law claims). If the 'common law analogue' requirement from Wyatt does apply, conversion is not the most closely analogous common law claim. Conversion involves taking another's property, regardless of intent, whereas the gravamen of the First Amendment claim in this case is that the Union Defendant expended compelled agency fees on political and ideological activities that Plaintiffs oppose. A dignitary tort, such as defamation, or tortious interference with a contract or business expectancy, more closely resembles the First Amendment claim. See New York Times Co. v. Sullivan , 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) (defamation); Pac. Nw. Shooting Park Ass'n v. City of Sequim , 158 Wn.2d 342, 144 P.3d 276 (2006) (tortious interference). As astutely observed by the Union Defendant, Plaintiffs' First Amendment claim here "turns not upon [the Union Defendant's] receipt of their 'property' but upon the dignitary harm resulting from being compelled to support speech with which they disagree[.]" Dkt. 49 at 11.
Plaintiffs argue that if the good faith defense applies, the defendant has the burden to show its subjective state of mind, and Plaintiffs should be given the opportunity for discovery on the issue. Admittedly, the subjective state of mind of a party asserting good faith is a common inquiry in cases discussing the defense. For example, in a case discussing good faith defense precedent, a district court analyzed subjective intent, citing to Wyatt and its progeny for the "universal[ ] hold[ing] that a private defendant shall not be liable ... if he did not subjectively believe that the conduct ... was unconstitutional." Franklin v. Fox , No. C 97-2443 CRB, 2001 WL 114438, at *6 (N.D. Cal. Jan. 22, 2001). Clement echoes this rule, when concluding that a private actor "did its best to follow the law and had no reason to suspect that there would be a constitutional challenge to its actions." Clement , 518 F.3d at 1097.
But applying the subjectivity standard to this case results in a perverse outcome, if followed to its logical conclusion. Assuming that the Union Defendant (or, more accurately, an employee of the union), subjectively believed the Supreme Court would not overrule Abood , the Union Defendant's collection of agency fees, up until Janus , would be shielded by the good faith defense, but not so if the same employee instead subjectively believed (correctly) that the Supreme Court would overrule Abood . This is an awkward result, because as noted elsewhere, "[a]ny subjective belief [the union] could have had that the precedent was wrongly decided and should be overturned would have amounted to telepathy." Winner v. Rauner , 2016 WL 7374258 *5 (N.D.Ill. 2016).
Although the overruling of Abood had been considered by the Supreme Court, see Harris , 134 S.Ct. at 2632-34 and Knox , 567 U.S. at 298, 132 S.Ct. 2277, the Union Defendant should not be expected to have known that Abood was unconstitutional, because the Supreme Court had not yet so decided. Inviting discovery on the subjective anticipation of an unpredictable shift in the law undermines the importance of observing existing precedent and ignores the possibility that prevailing jurisprudential winds may shift. This is not a practical, sustainable or desirable model. The good faith defense should apply here as a matter of law. The Union Defendant cogently summarizes the reason: "agency fees were constitutional at the time ... [and] no amount of discovery could show that [the Union Defendant] knew or should have *1087 known something that was not true." Dkt. 49 at 13.
In sum, the good faith defense applies, and when applied here, there is no issue of material of fact as to any facts that collectively justify shielding the Union Defendant from monetary liability for pre- Janus agency fees collected from Plaintiffs. The Union Defendant followed the law, and could not reasonably anticipate that a Supreme Court action would create a constitutional challenge to its actions. The Union Defendant's actions were authorized by the law and the State of Washington, and the actions of the State were apparently lawful. The Union Defendant acted in good faith. Summary judgment of dismissal should be granted in favor of the Union Defendant.
* * *
THEREFORE, it is HEREBY ORDERED that Defendant American Federation of State, County, and Municipal Employees, Council 28, AFL-CIO's Motion for Judgment on the Pleadings or Summary Judgment (Dkt. 41) is GRANTED. The Union Defendant is DISMISSED from the case. Dismissal of claims for declaratory and injunctive relief is without prejudice.
Because all other defendants were previously dismissed from the case, all other motions are stricken and the case is HEREBY DISMISSED.
IT IS SO ORDERED.

The State Defendants elsewhere refer to the fees as "representation fees," but the facts and inferences should be made in favor of the nonmoving party, Plaintiffs, so the Court will refer to them as "agency fees."

Plaintiff characterizes its request for monetary relief as one for equitable relief, disgorgement and refund; the Union Defendant calls this "damages."